RONALD J. TENPAS, Acting Asst. Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and TURTLE ISLAND RESTORATION NETWORK, <br><br> Plaintiffs, <br> v. <br><br> DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and the UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. | No. C 07-5109 PJH <br><br> **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants, Dirk Kempthorne, Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service, file this Answer to the above-captioned Complaint as follows:

## I.  INTRODUCTION

1. The allegations in paragraph 1 contain characterizations of Plaintiffs' case and conclusions of law to which no response is required.

2. The allegations in the first and third sentences of paragraph 2 purport to characterize certain

provisions of the Marine Mammal Protection Act ("MMPA"), which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied. In response to the allegations in the second sentence of paragraph 2, Defendants admit that stock assessment reports provide information such as the geographic range of the species or stock, a minimum population estimate, an estimate of the annual human-caused mortality and serious injury of the stock, and the status of the stock, but otherwise deny the allegations.

3.   The allegations in paragraph 3 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

4.   In response to the allegations in the first and second sentences of paragraph 4, Defendants admit that final stock assessment reports for three stocks of northern sea otters in Alaska, two stocks of polar bears, and one stock of Pacific walrus were last announced in the Federal Register as available to the public on October 9, 2002, and admit that final stock assessment reports for northern sea otters in Washington, southern sea otters, and two stocks of West Indian manatees were last announced in the Federal Register as available to the public on October 4, 1995, but otherwise deny the allegations. In response to the allegations in the third sentence of paragraph 4, Defendants admit that some new information has become available on marine mammal species under the Service's jurisdiction, but otherwise deny the allegations. In response to the allegations in the fourth sentence of paragraph 4, Defendants admit that global climate change may be a factor impacting sea ice habitat important to polar bears and walrus, admit that there have been strandings of southern sea otters in recent years due largely to disease and an unusual mortality event for Alaska northern sea otters that may have been due to a bacterial infection, and admit that manatees in Florida are susceptible to red tide toxins, but otherwise deny the allegations in the fourth sentence of paragraph 4.

5.   Defendants deny the allegations in paragraph 5.

6.   The allegations in paragraph 6 contain characterizations of Plaintiffs' case and conclusions

of law to which no response is required.

## II.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.    The allegations in paragraph 7 consist of conclusions of law to which no response is required.

8.    The allegations in paragraph 8 consist of conclusions of law to which no response is required.

9.    The allegations in paragraph 9 consist of conclusions of law to which no response is required.

## III.    PARTIES

10.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 concerning Plaintiff Center for Biological Diversity, and on that basis deny the allegations.

11.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 concerning Plaintiff Center for Biological Diversity, and on that basis deny the allegations.

12.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning Plaintiff Center for Biological Diversity, and on that basis deny the allegations.

13.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning Plaintiff Turtle Island Restoration Network, and on that basis deny the allegations.

14.    The allegations in paragraph 14 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.

15.    The allegations in the first sentence of paragraph 15 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.  Defendants deny the allegations in the second sentence of paragraph 15 and aver that the Service bases its marine

mammal management decisions on the best available information regardless of the status of the stock assessment report. Defendants deny the allegations in the third sentence of paragraph 15 and aver that the Service does not rely solely on information contained in stock assessment reports and analyzing potential threats to marine mammal species is not dependent on their revision. Defendants deny the allegations in the fourth sentence of paragraph 15 and aver that all marine mammal management decisions are based on the best available information regardless of the status of a stock assessment report and further aver that no activity has been permitted by the Service that adversely affects the survival or recovery of a species or stock or increases the chances of a population decline or other adverse impact to the species or stock. The allegations in the fifth sentence of paragraph 15 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.

16. The allegations in the first sentence of paragraph 16 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required. The allegations in the second and third sentences of paragraph 16 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied. The allegations in the fourth sentence of paragraph 16 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.

17. The allegations in the first and second sentences of paragraph 17 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 17, and on that basis deny the allegations. The allegations in the fourth sentence of paragraph 17 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.

18. Defendants deny the allegations in the first, second, third, and fourth sentences of paragraph 18 and aver that all marine mammal management decisions, including authorizations for take, are based on the best available information, regardless of the most recent stock assessment report that

has compiled information on a particular stock, and further aver that, while a stock assessment report provides the potential biological removal level ("PBR") for the stock, PBR is used only under section 118 of the MMPA, 16 U.S.C. § 1387, for take reduction planning purposes associated with commercial fishing and that no marine mammal species or stock under Service jurisdiction has been the subject of the section 118 take reduction planning process.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 18, and on that basis deny the allegations.

19.     In response to the allegations in paragraph 19, Defendants admit that Dirk Kempthorne is the Secretary of the Interior and that he is charged with administering the MMPA with respect to certain species, and admit that he is sued in his official capacity, but otherwise deny the allegations.

20.     In response to the allegations in the first sentence of paragraph 20, Defendants admit that the Service is a federal agency within the U.S. Department of the Interior and is charged with administering certain federal laws, including the MMPA, with respect to certain species, but otherwise deny the allegations. In response to the allegations in the second sentence of paragraph 20, Defendants admit that the Director of the U.S. Fish and Wildlife Service has been delegated the responsibility to administer the MMPA with respect to certain species. In response to the allegations in the third sentence of paragraph 20, Defendants admit that final stock assessment reports for three stocks of northern sea otters in Alaska, two stocks of polar bears, and one stock of Pacific walrus were last announced in the Federal Register as available to the public on October 9, 2002 and that final stock assessment reports for northern sea otters in Washington, southern sea otters, and two stocks of West Indian manatees were last announced in the Federal Register as available to the public on October 4, 1995, but otherwise deny the allegations. Defendants deny the allegations in the fourth sentence of paragraph 20.

## IV.     LEGAL BACKGROUND

21.     The allegations in paragraph 21 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent

with the plain language and meaning of the MMPA are denied.

22.   The allegations in paragraph 22 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

23.   The allegations in paragraph 23 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

24.   The allegations in paragraph 24 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

25.   Defendants admit the allegations in the first sentence of paragraph 25.  The allegations in the second and third sentences of paragraph 25 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

26.   The allegations in paragraph 26 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

27.   The allegations in paragraph 27 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

28.   The allegations in the first sentence of paragraph 28 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied. Defendants deny the allegations in the second and third sentences of paragraph 28 and aver that the potential biological removal number is used in take reduction planning for commercial fishing operations.

29.   The allegations in the first sentence of paragraph 29 purport to characterize the Service's

June 2007, August 2006, May 2006, June 2006, and May 2003 proposed and final incidental take determinations, Federal Register documents that speak for themselves and are the best evidence of their contents. Any allegations that are inconsistent with the plain language and meaning of the June 2007, August 2006, May 2006, June 2006, or May 2003 proposed and final incidental take determinations are denied. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 29, and on that basis deny the allegations.

30.   The allegations in paragraph 30 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

**V.   FACTUAL BACKGROUND**

31.   The allegations in paragraph 31 purport to characterize the Service's October 1995 notice of availability of stock assessment reports, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the October 1995 notice of availability are denied.

32.   The allegations in the first sentence of paragraph 32 purport to characterize the Service's April 1997 notice of availability of stock assessment reports, a Federal Register document that speaks for itself and is the best evidence of its contents.  Any allegations that are inconsistent with the plain language and meaning of the April 1997 notice of availability are denied. Defendants admit the allegations in the second and third sentences of paragraph 32.

33.   The allegations in the first sentence of paragraph 33 purport to characterize the Service's September 1998 notice of availability of stock assessment reports, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the September 1998 notice of availability are denied. The allegations in the second sentence of paragraph 33 purport to characterize the Service's October 2002 notice of availability of stock assessment reports, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain

Defendants' Answer to Complaint
for Declaratory and Injunctive Relief                - 7 -                                              No. C 07-5109 PJH

language and meaning of the October 2002 notice of availability are denied. Defendants deny the allegations in the third sentence of paragraph 33.

34.    In response to the allegations in paragraph 34, Defendants admit that final stock assessment reports for three stocks of northern sea otters in Alaska, two stocks of polar bears, and one stock of Pacific walrus were last announced in the Federal Register as available to the public on October 9, 2002 and that final stock assessment reports for northern sea otters in Washington, southern sea otters, and two stocks of West Indian manatees were last announced in the Federal Register as available to the public on October 4, 1995, but otherwise deny the allegations.

35.    In response to the allegations in the first, second, and third sentences of paragraph 35, Defendants admit that new information has become available since publication of the last notices of availability of stock assessments in the Federal Register for the species under the Service's jurisdiction, but otherwise deny the allegations. The allegations in the fourth sentence of paragraph 35 consist of conclusions of law to which no response is required.

36.    In response to the allegations in paragraph 36, Defendants admit that new information has become available since publication of the last notices of availability of stock assessments in the Federal Register for the species under the Service's jurisdiction, but otherwise deny the allegations.

37.    Defendants deny the allegations in the first sentence of paragraph 37. The allegations in the second sentence of paragraph 37 purport to characterize the Service's 2007 proposed rule to list the polar bear as threatened under the Endangered Species Act, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the 2007 proposed rule are denied. In response to the allegations in the third sentence of paragraph 37, Defendants admit that polar bears use sea ice for denning and for catching their preferred prey species and that increased temperatures are resulting in changes in the polar bears' sea ice habitat, but otherwise deny the allegations in the third sentence of paragraph 37. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 37, and on that basis deny the allegations. The allegations in the fifth sentence of paragraph 37 purport to characterize the Service's September

2007 notice reopening the public comment period on the proposed rule to list the polar bear as threatened under the Endangered Species Act, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the September 2007 notice are denied. Defendants deny the allegations in the sixth sentence of paragraph 37.

38.     In response to the allegations in the first sentence of paragraph 38, Defendants admit that new information has become available on walruses since 2002, but otherwise deny the allegations in the first sentence of paragraph 38. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 38, and on that basis deny the allegations. Defendants admit the allegations in the fourth sentence of paragraph 38. In response to the allegations in the fifth sentence of paragraph 38, Defendants admit that in November 2003, June 2006, July 2006, August 2006, and July 2007 authorizations to take small numbers of Pacific walrus in the Beaufort Sea and Chukchi Sea were issued relating to oil and gas activities, but otherwise deny the allegations.

39.     In response to the allegations in paragraph 39, Defendants admit that since 2002 off-shore oil and gas lease sales in Alaska have been held by the Minerals Management Service, an agency of the Department of the Interior, but otherwise deny the allegations.

40.     Defendants deny the allegations in the first sentence of paragraph 40. The allegations in the second sentence of paragraph 40 purport to characterize the Service's 2005 rule listing the southwest Alaska distinct population segment of northern sea otter as threatened under the Endangered Species Act, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the 2005 rule are denied. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 40, and on that basis deny the allegations. Defendants admit the allegations in the fourth sentence of paragraph 40, except that Defendants aver that there have not been substantial changes in the geographic range, population size, trend, productivity rate, or human-caused mortality and serious injury to the south-central or southeast stocks of northern sea

otters in Alaska. The allegations in the fifth sentence of paragraph 40 purport to characterize a 2006 Service press release, a document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the 2006 press release are denied. The allegations in the sixth sentence of paragraph 40 purport to characterize certain provisions of the MMPA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the MMPA are denied.

41.     Defendants deny the allegations in paragraph 41.

42.     The allegations in the first and second sentences of paragraph 42 purport to characterize the Service's April 1997 notice of availability of stock assessment reports, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the 1997 notice are denied. Defendants admit the allegations in the third sentence of paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in the first sentence of paragraph 44. The allegations in the second sentence of paragraph 44 purport to characterize the Service's 2003 notice regarding a proposed rule to authorize incidental take of Florida manatees, a Federal Register document that speaks for itself and is the best evidence of its contents. Any allegations that are inconsistent with the plain language and meaning of the 2003 notice are denied. Defendants admit the allegations in the third sentence of paragraph 44. In response to the allegations in the fourth sentence of paragraph 44, Defendants admit that 417 manatee mortalities were documented by the Florida Fish and Wildlife Conservation Commission in 2006, of which 92 were caused by watercraft, but otherwise deny the allegations in the fourth sentence of paragraph 44. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 44, and on that basis deny the allegations. Defendants admit the allegations in the sixth sentence of paragraph 44. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the seventh sentence of paragraph 44, and on that basis deny the allegations. In response to the allegations in the eighth sentence of paragraph 44,

Defendants admit that new information has become available since publication of the last notice of availability of stock assessments for manatees in the Federal Register, but otherwise deny the allegations.

45. Defendants deny the allegations in the first and second sentences of paragraph 45. In response to the allegations in the third sentence of paragraph 45, Defendants admit that sea otters are affected by disease, but otherwise deny the allegations. Defendants admit the allegations in the fourth sentence of paragraph 45.

46. Defendants deny the allegations in the first sentence of paragraph 46. In response to the allegations in the second and third sentences of paragraph 46, Defendants admit that the potential biological removal level and information on the stock's range, sources of human-caused mortality and serious injury and other factors that may be causing decline or impeding recovery, and current population trend are included in stock assessment reports, but otherwise deny the allegations. Defendants deny the allegations in the fourth sentence of paragraph 46. In response to the allegations in the fifth sentence of paragraph 46, Defendants admit that the Service has authorized the taking of marine mammal species under its jurisdiction consistent with the requirements of the MMPA and all other applicable laws, but otherwise deny the allegations.

47. The allegations in paragraph 47 consist of conclusions of law and characterizations of Plaintiffs' case to which no response is required.

48. Defendants deny the allegations in paragraph 48.

**CLAIM FOR RELIEF**

49. All responses to allegations in the above paragraphs are incorporated herein by reference.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendants deny that

Defendants' Answer to Complaint
for Declaratory and Injunctive Relief         - 11 -         No. C 07-5109 PJH

Plaintiffs are entitled to the relief requested in their Complaint or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint remain unanswered, Defendants deny such allegations.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Venue is improper or may be more appropriate in another judicial district.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendants, and that the Court order such other and further relief as the Court may allow.

Dated: December 3, 2007          Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney
CHARLES O'CONNOR
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102

RONALD J. TENPAS, Acting Asst. Attorney General
JEAN E. WILLIAMS, Section Chief


          */s/ Lawson E. Fite*
LAWSON E. FITE,
Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | No. C 07-5109 PJH <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                         */s/ Lawson E. Fite*
                                         LAWSON E. FITE