Miyoko Sakashita
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market Street, Suite 511
San Francisco, CA 94103
Phone: (415) 436-9682
Facsimile: (415) 436-9683
Email: miyoko@biologicaldiversity.org

Attorney for Plaintiffs

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

<u>Attorneys for Defendants</u>

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and TURTLE ISLAND RESTORATION NETWORK, <br><br>       Plaintiffs, <br><br>       v. <br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and the UNITED STATES FISH AND WILDLIFE SERVICE, <br><br>       Defendants. | No. C 07-5109 PJH <br><br>**STIPULATED SETTLEMENT AGREEMENT AND ~~PROPOSED~~ ORDER** |

      This Agreement is entered into by and between Plaintiffs, Center for Biological Diversity and Turtle Island Restoration Network, and Defendants, Dirk Kempthorne, Secretary of the United

States Department of the Interior, and H. Dale Hall, Director of the United States Fish and Wildlife Service (collectively "Service").

WHEREAS, on October 4, 2007, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Marine Mammal Protection Act, 16 U.S.C. §§ 1361-1421h ("MMPA"), challenging the Service's failure to review and revise stock assessment reports, as required by section 117 of the MMPA, 16 U.S.C. § 1386, for those species of marine mammals under the Service's jurisdiction;

WHEREAS, on January 31, 2008, the Service submitted to the Federal Register a Notice of Availability of draft stock assessment reports for the southeast Alaska, southcentral Alaska, and southwest Alaska stocks of northern sea otter, 73 Fed. Reg. 6,994 (Feb. 6, 2008);

WHEREAS, on April 11, 2008, the Service submitted to the Federal Register a Notice of Availability of a draft stock assessment report for the Washington stock of the northern sea otter, 73 Fed. Reg. 20,931 (Apr. 17, 2008);

WHEREAS, the Service, in preparing marine mammal stock assessment reports, is required to consult with independent regional scientific review groups ("SRGs"), 16 U.S.C. §§ 1386(b),(d);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.    As to the southern sea otter stock, the Service agrees to submit to the Federal Register a Notice of Availability of a draft stock assessment report by June 6, 2008.

2.    Regarding the Bering/Chukchi Seas stock of the polar bear, the Beaufort Sea stock of the polar bear, and the Pacific Walrus stock, the Service agrees to take the following actions:

a.  The Service will submit draft stock assessment reports to the Alaska SRG prior to the SRG meeting which is planned for either December 2008 or January 2009.

b.  If the SRG has not submitted its complete comments on these draft stock assessment reports by the conclusion of the December 2008/January 2009 SRG meeting, the Service will request that the SRG provide all comments on the draft stock assessment reports within 45 days of the conclusion of the SRG meeting.

c.  The Service shall submit to the Federal Register a Notice of Availability of draft stock assessment reports within 90 days of receiving all SRG comments, but in any event, no later than June 18, 2009.

3.  Regarding the Antillean manatee and Florida manatee stocks, the Service agrees to take the following actions:

a.  The Service will submit draft stock assessment reports to the Atlantic SRG prior to the SRG meeting which is planned for January 2009.

b.  If the SRG has not submitted its complete comments to the Service on these draft stock assessment reports by the conclusion of the January 2009 SRG Meeting, the Service will request that the SRG provide all comments on the draft stock assessment reports within 45 days of the conclusion of the SRG meeting.

c.  The Service shall submit to the Federal Register a Notice of Availability of draft stock assessment reports within 120 days of receiving all SRG comments, but in any event, no later than July 20, 2009.

4.  In the event that the SRG meetings referred to in Paragraphs 2(a) and 3(a) above are delayed beyond January 30, 2009, the deadlines in Paragraphs 2(c) and 3(c) will be extended by the number of days beyond January 30, 2009 that the relevant SRG meetings take place.

5.  Subsequent to submitting Notices of Availability of draft stock assessment reports to the Federal Register, as specified in Paragraphs 1, 2(c), and 3(c) above, the Service shall prepare final stock assessment reports subject to and according to the procedures specified in section 117(b) of the MMPA, 16 U.S.C. § 1386(c).

6.      Any party may seek to modify the deadline for any actions specified in Paragraphs 1-3 for good cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 7.

7.      The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraphs 1-3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the claim within thirty days after the notice, either party may pursue relief from the Court.

8.      No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for preparation of stock assessment reports under 16 U.S.C. § 1386 in any other proceeding regarding the Service's implementation of the MMPA.

9.      Defendants agree that Plaintiffs are the "prevailing parties" in this action, and agree to pay to Plaintiffs reasonable attorneys' fees and costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $9,500.00.  A check will be made payable in that amount to Plaintiffs' undersigned counsel, Center for Biological Diversity, c/o Miyoko Sakashita, 1095 Market Street, Suite 511, San Francisco, CA 94103.

10.     Plaintiffs agree to accept payment of $9,500.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned

litigation, through and including the date of this agreement.

11.     Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

12.     The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraphs 1 - 3, or for any other unforseen continuation of this action.

13.     By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used  as evidence in any other attorneys' fees litigation.

14.     Subject to the qualifications in Paragraph 15, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Marine Mammal Protection Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the MMPA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

15.     Plaintiffs recognize that Defendants assert that no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.  Defendants recognize that Plaintiffs assert that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), because the duty and deadlines to revise stock assessment reports are required in non-discretionary terms by the MMPA; and (b) the Anti-Deficiency Act would not excuse compliance with a pre-existing, court-approved Agreement. Plaintiffs intend to assert this position if Defendants fail to comply with the terms of this Agreement

for reasons of insufficient appropriations.  Defendants reserve all legal and equitable defenses to such a claim.

16.    The parties agree that this Settlement Agreement ("Agreement") was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement the parties do not waive any claim or defense.

17.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

18.    The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

19.    Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

20.    Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: May 19, 2008                     Respectfully Submitted,


                             _/s/ Miyoko Sakashita_____
                             Miyoko Sakashita
                             CENTER FOR BIOLOGICAL DIVERSITY
                             1095 Market Street, Suite 511
                             San Francisco, CA 94103
                             Phone: (415) 436-9682
                             Facsimile: (415) 436-9683
                             Email: miyoko@biologicaldiversity.org

                             Attorney for Plaintiffs


                             RONALD J. TENPAS, Assistant Attorney General
                             JEAN E. WILLIAMS, Section Chief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Lawson E. Fite*
LAWSON E. FITE
Trial Attorney (Oregon Bar No. 055573)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

**ORDER**

Pursuant to Stipulation, the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: this _20th_day of   May _____,  2008.

_____
UNITED STATES

IT IS SO ORDERED

Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA